UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINDA LLOYD-JONES and JESSICA LLOYD-JONES MCCORMACK, *on behalf of the Estate of Tomas Lloyd-Jones*,<br><br>Plaintiffs,<br><br>v.<br><br>SANDRA CONNOLLY, *et al.*,<br><br>Defendants. | Civil Action No.<br><br>20-912 (EP) (LDW)<br><br>**OPINION** |

**<u>LEDA DUNN WETTRE, United States Magistrate Judge</u>**

Before the Court are plaintiffs' Motion for Leave to File a Third Amended Complaint, Motion to Compel Production of Documents, and Motion to Extend Discovery Deadlines. (ECF No. 89). Defendants oppose the Motions. (ECF Nos. 90, 91). The Court heard oral argument on the Motions on June 23, 2022. Having considered the parties written submissions and arguments, and for the reasons set forth below, plaintiffs' Motion to Amend is **DENIED**, Motion to Compel is **DENIED**, and Motion to Extend Discovery Deadlines is **GRANTED IN PART**.

### I.  BACKGROUND

Review of the procedural history of this matter is necessary to give context to plaintiffs' applications. Tomas Lloyd-Jones, acting *pro se*, filed the initial Complaint on January 27, 2020, quoting extensively from his medical records and alleging that while incarcerated in June 2018 he suffered a seizure that caused him to break his thumb, but the thumb injury was not properly treated. (Compl. ¶¶ 2, 6-7, 14-15, 22, 37-39, 42, ECF No. 1). He further alleged that after suffering repeated seizures, he was eventually diagnosed with an aggressive, malignant brain

tumor, which should have been detected earlier. (*Id.* ¶¶ 16, 23, 34-35, 40-41). *Pro se* plaintiff asserted claims for deliberate indifference to medical needs and medical malpractice against personnel at Northern State Prison, Bayside State Prison, and Southern State Prison, specifically: Dr. Hesham Soliman, Dr. Sandra Connolly, Dr. Sharmalie Perera, Dr. Ihuoma Nwachukwu, Jose Torress, Dr. Sherita Latimore-Collier, Dr. Chenna Reddy, Dr. Jeffrey Pomerantz, The Lourdes Group, and the New Jersey Department of Corrections Central Transportation Unit.

On February 3, 2020, the Honorable Susan D. Wigenton, U.S.D.J. granted plaintiff leave to proceed *in forma pauperis*, screened the initial Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and dismissed the deliberate indifference and medical malpractice claims against all defendants except Connolly and Pomerantz for failure to state a claim. (ECF No. 2). Although Judge Wigenton also appointed an attorney to represent Mr. Lloyd-Jones, current retained counsel instead entered a notice of appearance on his behalf on April 24, 2020. (ECF No. 6). Mr. Lloyd-Jones, through counsel, filed a First Amended Complaint on June 12, 2020, naming existing defendants Connolly and Pomerantz, repleading claims against previously-dismissed defendant Latimore-Collier, and adding claims against ten new medical and prison administrator defendants: Sumalatha Mannava, M.D., Bharatkumar Patel, M.D., Marcia Douglas, R.N., Poonam Malani, R.N., Darlene Sosa, R.N., Connie Purcell, R.N., Marcus O. Hicks, George Robinson, John Powell, C. Ray Hughes. (ECF No. 8). Mr. Lloyd-Jones died of brain cancer on June 20, 2020. (2d Am. Compl. ¶ 79, ECF No. 61). Accordingly, with the consent of all parties, a Second Amended Complaint was filed on November 30, 2020 substituting Linda Lloyd-Jones and Jessica Lloyd-Jones McCormack, the executors of Mr. Lloyd-Jones' estate, as plaintiffs and adding wrongful death and survivorship claims against the same thirteen defendants named in the First Amended Complaint. (ECF No. 61).

It appearing that the proper parties had finally been named in the action, the Court held a Rule 16 initial scheduling conference on December 16, 2020 and entered a Pretrial Scheduling Order setting a June 1, 2021 deadline for completion of fact discovery and a May 1, 2021 deadline for any request for leave to file a motion to add new parties or amend pleadings. (ECF No. 65). The Court held telephonic status conferences with the parties on April 12, 2021, July 19, 2021, October 14, 2021, February 8, 2022, and May 2, 2022. Although the parties sought extensions of discovery deadlines on each and every call, at no point did any party request an extension of the deadline for amended pleadings. At the parties' request the Court granted several generous extensions of the fact discovery deadline; however, in an Amended Scheduling Order dated October 14, 2021, the Court extended the fact discovery deadline through January 7, 2022 and warned that "**ALL DATES HEREIN ARE FINAL AND SHALL NOT BE EXTENDED ABSENT A SHOWING OF EXTRAORDINARY CIRCUMSTANCES.**" (ECF No. 79, emphasis in original). Despite this warning, the parties did not complete fact discovery in a timely manner, nor did they demonstrate any extraordinary circumstances justifying their failure to abide by the Court's scheduling Order. In an exercise of its discretion, the Court granted the parties a further, final extension of the fact discovery deadline through March 4, 2022 and made clear that "**THERE WILL BE NO FURTHER EXTENSIONS.**" (ECF No. 82, emphasis in original).

Then, on May 9, 2022, one year after the deadline for doing so, more than two years after this case was filed, and two months after the second final fact discovery deadline, plaintiffs filed a Motion for Leave to file a Third Amended Complaint adding claims against sixteen new defendants: Frank Ghinassi, Arthur Brewer, Sharmalie Perera, Hesham Soliman, Erin Nardelli, Heather Griffin, Catherine LaRue, Chenna Reddy, Ihuona Nwachukwu, Donna Kohler, Carolyn Cook, Maria Sarra, Theresa Hernandez, Muktar Yusuff, Valerie Van Liew, and Joseph

Bentivegna. (ECF No. 89-4). Notably, four of the proposed new defendants (Perera, Reddy, Soliman, and Nwachukwu) were previously named as defendants in the January 27, 2020 initial *pro se* Complaint but excluded from the First and Second Amended Complaints. Defendants oppose the addition of Perera, Reddy, Soliman, and Nwachukwu as parties.

## II.  DISCUSSION

### A.  Motion to Amend

Rule 16(b)(3)(A) of the Federal Rules of Civil Procedure mandates entry of a scheduling order that "limit[s] the time to join other parties [and] amend the pleadings." That scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "[W]hen a party moves to amend or add a party after the deadline in a district court's scheduling order has passed, the 'good cause' standard of Rule 16(b)(4) of the Federal Rules of Civil Procedure applies. A party must meet this standard before a district court considers whether the party also meets Rule 15(a)'s more liberal standard." *Premier Comp Solutions, LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020). The "good cause" inquiry under Rule 16(b)(4) "focuses on the moving party's burden to show due diligence." *Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010); *see Rogers v. Wilmington Trust Co.*, No. 21-1473, 2022 WL 621690, at *6 (3d Cir. Mar. 3, 2022) ("The touchstone for assessing whether there was good cause to amend a complaint is whether the moving party showed due diligence in bringing their claims."). Due diligence, in turn, depends on "whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired." *Sabatino v. Union Twp.*, Civ. A. No. 11-1656, 2013 WL 1622306, at *4 (D.N.J. Apr. 15, 2013). If good cause is shown, the Court proceeds to consider whether to exercise its discretion to grant leave to amend under Rule 15 considering any "undue

4

delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiffs' request to amend does not address Rule 16, but "the fact that neither party specifically names Rule 16 or its required good-cause showing does not preclude the Court from applying that standard to plaintiff's motion to amend." *Sabatino*, 2013 WL 1622306, at *3. With respect to that part of the Motion seeking to rename Perera (Regional Medical Director for the North in the New Jersey Department of Corrections), Soliman (head of the Medical Services Unit for the New Jersey Department of Corrections), Reddy, and Nwachukwu (treating physicians) as defendants, plaintiffs plainly have not established diligence in their pursuit of those claims. "Diligence requires a party to timely act on information that it has in its possession." *Hansen v. Speedway*, Civ. A. No. 19-3174-KSM, 2021WL 254555, at *3 (E.D. Pa. Jan. 26, 2021). Perera, Reddy, Soliman, and Nwachukwu were named as parties in the January 27, 2020 initial *pro se* Complaint, and plaintiffs were unquestionably on notice of their involvement with Mr. Lloyd-Jones' medical treatment from the outset. *See Price v. Trans Union, LLC*, 737 F. Supp. 2d 276, 280 (E.D. Pa. 2010) ("Where, as here, the party knows or is in possession of the information that forms the basis of the later motion to amend at the outset of the litigation, the party is presumptively not diligent."). Plaintiffs' decision to omit Perera, Reddy, Soliman, and Nwachukwu from the First and Second Amended Complaints despite the fact that Mr. Lloyd-Jones identified them as having potential liability for his injuries and wait until May 2022 to attempt to bring them back into the lawsuit as defendants is inexplicable.

The delay is particularly problematic because plaintiffs were in possession of the information underlying the proposed claims against Perera, Reddy, and Nwachukwu for nearly

5

two years prior to filing the instant Motion to Amend. The proposed Third Amended Complaint includes a total of two short paragraphs of substantive allegations against treating physicians Reddy and Nwachukwu, which were directly drawn from Mr. Lloyd-Jones' medical records. (Proposed 3d Am. Comp. ¶¶ 62, 94). The proposed Third Amended Complaint does not contain any specific allegations as to Perera's involvement with Mr. Lloyd-Jones' care, and instead asserts claims against Perera based on her supervisory role; regardless, counsel informed the Court at oral argument that Perera also appears in Mr. Lloyd-Jones' medical records. There can be no question that Mr. Lloyd-Jones was in possession of his medical records as early as January 2020 because he quoted directly from them in the initial *pro se* Complaint. During a telephone conference on May 27, 2020 – six months before the Rule 16 initial scheduling conference and the commencement of discovery – plaintiffs' counsel informed the Court that he had received a large shopping bag full of documents from Mr. Lloyd-Jones. Indeed, the June 12, 2020 First Amended Complaint drafted by counsel repeatedly cites to and quotes from Mr. Lloyd-Jones' medical records, confirming that plaintiffs were in possession of the documents providing the factual basis for the proposed claims against Perera, Reddy, and Nwachukwu nearly two years prior to seeking to amend. In any event, the defense also produced Mr. Lloyd-Jones' medical records on May 4, 2021. (Smith Cert. ¶ 11, ECF No. 89-3). Plaintiffs offer no justification for their delay in seeking to bring these individuals back into the lawsuit.[1]

---

[1] At oral argument, counsel contended that he is not a medical doctor and required the services of an expert to understand Perera, Reddy, and Nwachukwu's potential liability before plaintiffs could pursue amendment. *See also* Smith Reply Cert. ¶ 7, ECF No. 94-1. However, plaintiffs had no difficulty amending the pleadings in June 2020, prior to the commencement of discovery, to assert liability against treating medical defendants Mannava, Patel, Malani, Douglas, Sosa, and Purcell. The Court is hard-pressed to understand why an expert's assistance was needed to add two paragraphs of factual allegations that simply recap the notes of Mr. Lloyd-Jones' treating physicians. Of course, counsel is free to consult with a non-testifying expert during the litigation, but the decision to do so does not relieve him of the obligation to seek to amend in a timely manner.

With respect to proposed defendant Soliman, plaintiffs acknowledged that they were aware of Soliman from the start but argued that they did not appreciate the import of his supervisory role at the New Jersey Department of Corrections until the current Department of Corrections defendants were deposed. (Smith Reply Cert. ¶¶ 5-6, ECF No. 94-1). However, myriad other discovery devices were available to plaintiffs to elucidate Soliman's role in Mr. Lloyd-Jones' medical care while in prison. There is nothing in the record suggesting that plaintiffs served targeted interrogatories or pursued discovery from Soliman himself via a Rule 45 subpoena to garner additional facts in support of the claims they now seek to assert. Plaintiffs offer no explanation for their apparent failure to pursue such discovery prior to the deadline for amended pleadings or even prior to the close of fact discovery. *See Wag Acquisition, LLC v. Gattyán Grp. S.à.r.l.*, Civ. A. No. 14-2832, 2020 WL 5105194, at *4 (D.N.J. Aug. 31, 2020) (affirming denial of motion to amend pursuant to Rule 16 where "Duodecad has pointed to no affirmative steps that it took . . . to investigate the inequitable conduct claim prior to the December 5, 2016 deadline to amend pleadings. As that deadline approached, Duodecad failed to take even the minimal step of requesting an extension. Duodecad offers no excuse for that lapse. Finally, Duodecad points to no impediment to its pursuit of this supposedly critical discovery sooner than February 2017").

With respect to that part of the Motion to Amend seeking to name Ghinassi (President and COO of University Correctional Health Care), Brewer (Statewide Medical Director for University Correctional Health Care), Nardelli (Administrator at Southern State Correctional Facility), Griffin

---

Again, plaintiffs were in possession of Mr. Lloyd-Jones' medical records as early as June 2020 and could have submitted them to an expert to review even before discovery in this action began. In any event, there is nothing in the record specifying when plaintiffs sought the assistance of an expert or when the expert submitted his or her report to enable the Court to determine whether plaintiffs' reliance on an expert could conceivably justify their delay in seeking to amend the complaint.

(Administrator at Southern State Correctional Facility), LaRue (medical director at Bayside State Prison), Kohler (nurse manager at Bayside State Prison), Cook (nurse manager at Southern State Correctional Facility), Sarra (nurse manager at Northern State Prison), Hernandez (nurse manager at Northern State Prison), Yusuff (nurse at Northern State Prison), Van Liew (nurse at Northern State Prison), and Bentivegna (nurse practitioner at Bayside State Prison), plaintiffs ask the Court to grant their request simply because it is unopposed.  Again, however, it is *plaintiffs'* burden to show good cause for the late amendment, even absent specific objection from the defense, and plaintiffs have not done so here.  Plaintiffs argue that the identities of these additional proposed defendants were only revealed in depositions, particularly the deposition of defendant Latimore-Collier taken March 14, 2022, ten days after the final fact discovery deadline.  The Court notes, however, that four of these proposed new defendants were identified by name in prior iterations of the Complaint:  Van Liew and Brewer are referenced in the initial *pro se* Complaint, (Compl. ¶¶ 2, 40), and Bentivegna, Van Liew, and Yusuff are identified in the June 12, 2020 First Amended Complaint drafted by counsel.  (1st Am. Compl. ¶¶ 33, 42).  Indeed, Van Liew, Bentivegna, and Yusuff are nurses who treated Mr. Lloyd-Jones and undoubtedly appear in his medical records.  Additionally, counsel conceded at oral argument that some of these proposed new defendants were identified in interrogatory responses as persons with potentially relevant knowledge, but plaintiffs did not follow-up or request more information about them, choosing instead to wait until depositions to inquire into the identities of other people involved in Mr. Lloyd-Jones' care.  As Rule 16 requires that the Court determine when plaintiffs knew or should have known the information necessary to amend, the Court gave plaintiffs' counsel the opportunity at oral argument to provide more detailed information for the record about when plaintiffs discovered the names of each of the proposed new defendants and their alleged roles in Mr. Lloyd-Jones' medical

8

care, but counsel was not prepared to do so at that time. Accordingly, the Court gave plaintiffs an opportunity to supplement their Motion to Amend in writing to show diligence in pursuing the facts necessary to assert the claims in the proposed Third Amended Complaint; although they did make a supplemental submission concerning the Motion to Compel (ECF No. 102), the Court has not received any additional information in support of the Motion to Amend in the weeks following oral argument.

In sum, as evidenced by the pleadings themselves, plaintiffs were aware by June 2020 at the latest of the identities of proposed defendants Perera, Reddy, Soliman, Nwachukwu, Brewer, Bentivegna, Van Liew, and Yusuff. To the extent they needed additional discovery to solidify their claims against these individuals, they had ample opportunity to serve interrogatories and document requests or Rule 45 subpoenas but apparently did not do so. As for the remaining proposed defendants, all of whom hold supervisory positions in the New Jersey State prison medical system, plaintiffs have not demonstrated any affirmative steps they took to obtain the information necessary for the proposed amendment prior to the deadline for amended pleadings. Moreover, despite the benefit of not one but two final extensions, plaintiffs did not complete the party depositions on which they chose to rely for basic information about the leadership structure of the prison medical system until March 14, 2022, ten days after the final fact discovery deadline. Taken together, these facts do not support a finding of good cause to amend. The Court appreciates the complexities of the case and entered numerous scheduling orders balancing the parties' discovery needs with the strictures of Rules 1 and 16 of the Federal Rules of Civil Procedure. This "careful scheme of reasonable framing and enforcement of scheduling orders for case management would . . . be nullified if a party could inject amended pleadings upon a showing of less than good

cause after scheduling deadlines have expired." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 469 (D.N.J. 1990).

Even if plaintiffs had established good cause under Rule 16(b)(4) – which they have not and made no attempt to do – leave to amend would be denied under Rule 15. "Delay becomes 'undue,' and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend." *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008). In considering whether plaintiff's delay in seeking to amend the complaint is undue, the Court "focus[es] on the movant's reasons for not amending sooner" and "balance[s] these reasons against the burden of delay on the District Court." *Id.* (quotation omitted).

As discussed above, plaintiffs have already amended the Complaint twice and added claims against treating medical personnel identified in Mr. Lloyd-Jones' medical records prior to the commencement of discovery. Plaintiffs offer no compelling justification for the year-long delay in asserting claims against additional treating medical personnel whose role in Mr. Lloyd-Jones' medical care was apparent from the same medical records that have been in their possession from the very beginning of the case. Nor did they provide any explanation for their failure to timely pursue discovery about the supervisory structure of the prison medical system necessary to assert claims against the remaining proposed new defendants. Against this scant record, the Court weighs the significant burden of delay that would be caused by the addition of sixteen parties to an already aged and expansive case. The filing of a Third Amended Complaint at this late stage would require service of process on sixteen additional individual defendants, many of whom would have to request representation from the State. The Court anticipates that many of the proposed new defendants would move to dismiss. The new defendants would then be entitled to take

discovery on any surviving claims – necessitating written discovery, sixteen additional dispositions, and reopening all of the completed party depositions – because these parties were deprived of the benefit of nearly two years of defense. Thus, allowing plaintiffs to amend at this late stage would further delay resolution of a case that has been pending for over two years and subject the Court to further motion practice. *See Bjorgung*, 550 F.3d at 267 (affirming denial of leave to amend where delay in filing proposed amended complaint could "send the court through a substantial period of additional discovery and motions"). In light of the burden such amendment would impose on the Court, and the lack of an adequate explanation for plaintiffs' last-minute decision to expand the case from thirteen to twenty-nine defendants, the Court finds the proposed Third Amended Complaint to be the product of undue delay.

### B. Motion to Compel

By letter dated June 17, 2022, plaintiffs informed the Court that they Motion to Compel has been limited to a request for production of the Department of Correction's nursing protocols. (ECF No. 96). Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." "A party moving to compel bears the initial burden of showing the relevance of the requested information. The burden then shifts to the party resisting discovery to justify withholding it." *Morrison v. Philadelphia Housing Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001) (citations omitted). At oral argument, plaintiffs contended that the nursing protocols are relevant to proving whether the nurses who treated Mr. Lloyd-Jones were negligent or deliberately indifferent to his medical needs.

Defense counsel has provided the Court with a Table of Contents indicating that the New Jersey Department of Corrections has nursing protocols for fifty-five different conditions ranging

from dandruff to pepper gas exposure. (ECF No. 103-1). Defendants previously produced the nursing protocols relating to seizures, fractures, and lacerations and agreed to produce the nursing protocols relating to abrasions, asthma, shortness of breath, contusion, musculoskeletal, and drug and alcohol withdrawal as these are all at least peripherally related to the injuries for which Mr. Lloyd-Jones was treated while incarcerated. (ECF No. 103). Plaintiffs ask the Court to compel production of all nursing protocols so their expert can assess the adequacy of the Department of Corrections policies and procedures as a whole. However, there are presently no claims against the Department of Corrections or University Correctional Health Care, who promulgate prison nursing policies and procedures; accordingly, the relevance of the adequacy of the entirety of the prison system's nursing policies to the claims and defenses in this action is unsupported. There is nothing in the record suggesting that Mr. Lloyd-Jones was ever treated for the majority of the conditions for which nursing protocols exist. Nor has counsel explained why plaintiffs' expert needs to review all nursing protocols, including those for minor complaints (for example, callus and shave bumps) and those relating to conditions unique to female prisoners, in order to determine whether the named parties provided adequate nursing care for Mr. Lloyd-Jones' thumb injury and seizures. Accordingly, by agreement of counsel and to the extent they have not already done so, defendants are directed to produce the nursing protocols relating to abrasions, asthma, shortness of breath, contusion, musculoskeletal, and drug and alcohol withdrawal within seven days of the date of this Opinion. Plaintiffs' motion to compel additional nursing protocols is denied.

### C. Extension of Discovery

As noted above, the Court has previously granted two final extensions of the fact discovery deadline and any request for further modification of a scheduling order must be supported by good cause under Rule 16. Prior to oral argument, both the Court and defense counsel understood

plaintiffs to be requesting another extension of time in order to complete two previously noticed depositions of third-party inmate advocates. However, at oral argument, counsel informed the Court that he wishes to depose all sixteen of the proposed new defendants regardless of whether they come into the case as parties or not. Defendants do not oppose an extension of time to complete the inmate advocate depositions but do oppose the request for time to take sixteen additional non-party depositions. Plaintiffs also request an extension of expert discovery deadlines presumably in order to serve an expert report on the topic of nursing care. To the extent they have not already done so, the parties may complete the two previously-noticed inmate advocate depositions. There being no showing of good cause for plaintiffs' failure to take discovery regarding the sixteen proposed defendants prior to the March 4, 2022 final fact discovery deadline, plaintiffs' motion to further extend fact discovery is denied. The parties shall complete expert discovery in accordance with an Amended Scheduling Order to be entered contemporaneously with this Opinion.

### III.   CONCLUSION

For the foregoing reasons, plaintiffs' Motion to Amend is **DENIED**, Motion to Compel is **DENIED**, and Motion to Extend Discovery Deadlines is **GRANTED IN PART**.

Dated:       August 19, 2022

                                               *s/ Leda Dunn Wettre*
                                               Hon. Leda Dunn Wettre
                                               United States Magistrate Judge